$$\begin{array}{cc} 20 & 365 \\ 107 & 851 \\ \hline 20 & 365 \\ 113 & 264 \end{array}$$

No. 62.—WILLIAM SLADE, plaintiff in error, *vs.* JAMES NELSON and WILLIAM NELSON, for use of, &c. defendants.

[1.] The best evidence, if attainable, ought to be required.

[2.] The only ground on which a person's books of account are admissible as evidence for him is, that there does not exist any better evidence at his command.

Complaint.    Dooly.    Tried before Judge POWERS, April Term, 1856.

This was an action brought by William Nelson and James Nelson, for use, &c. against William Slade, to recover the sum of $750, with interest, due upon a promissory note payable to the plaintiffs " only."

To this action, besides the plea of the general issue, were pleas of payment and set-off.

Upon the trial, the plaintiffs offered the promissory note in evidence and rested their case.

The defendant then introduced, in support of these pleas, certain articles of partnership under seal, entered into by the plaintiff of one part and the defendants of the other, by which it appeared that they had entered into partnership for the purpose of keeping up and carrying on a livery stable in Oglethorpe, and by which it was agreed that Slade should finish a certain building, then on hand and already commenced, on lots Nos. 12, 13 and 14, and finish the improvements then commenced, by fencing, digging a well, making gates, &c. which, when finished, to be paid for by all the parties—the said James and William Nelson to pay one-half of the net expense; it is also agreed, that the stock on hand then held by the Messrs. Nelson, consisting of horses and buggies, should be put into the common fund as partnership property; and Slade, on his part, to furnish an equal amount of stock—the former to put in their corn and fodder then on hand, for the use of the firm; and in case the amount of stock put in by Slade should not be equal in value to that put in by the Nelsons, then the amount put in by each to be valued by two disinterested persons; and in case of their disagreement, then they to select an umpire, and the difference in the relative value to be paid by party lacking in his portion.

The stock of hogs at Nelson's stables to be included as firm property, and (as the indenture recites) are paid for by said Slade in the notes given for the purchase of his interest in the stables; each party to pay his part of all the expenses incurred in keeping the stables, and each to assist in conducting the business; in case either should become dissatisfied and wish to retire, he is to give the other members an opportunity to buy out his interest at a fair valuation, before offering to sell to any one else; profits, if any, to be equally divided, Slade one-half and James and William Nelson the other half; losses in the same proportion.

Defendant then introduced —— SLADE, who testified that defendant completed the stables, and well, and fencing; and proposed to prove further by the witness, the *value* of the improvements put on said lot by said defendant, but which

Slade *vs.* Nelson.

the Court ruled out upon the ground that he should show the, *actual cost,* under the agreement.

Defendant then offered to introduce himself, to prove that, certain books he wished to put in evidence were his original books of entries. Plaintiffs objected to the books, on the, ground that they could not be used as evidence of materials furnished by defendant in finishing said improvements.

(The books in question contained an account against the, plaintiffs in favor of defendant, charging them with various, amounts for money paid out—some of the items naming the persons to whom paid and some not—for materials furnished, for finishing the improvements agreed to be done by him in, the partnership articles.)

The Court refused to allow the books to be used in evidence, and defendant excepted.

Defendant then introduced ELI. FEM, who proved that Hiram Hall and others worked upon the stables; that Slade employed them, and that defendant did build the stables; and upon being asked what was the value of the stables— what it was worth to finish them—the Court, upon objection made, refused to allow the question answered, and defendant. excepted.

And these rulings Counsel for defendant assign as error.

THOS. H. DAWSON, for plaintiff in error.

MILLER & HALL; COOK & MONTFORT, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Slade, the plaintiff in error, had the right, by the articles of agreement, to receive payment from the Nelsons for onehalf, of the " net expense" he incurred in finishing the building, &c.

In order to show what the net expense was, he offered to prove the *value* of the work. This he was not allowed to do, by the Court. Ought he to have been allowed to do it?

Slade *vs.* Nelson.

· We think not, the circumstances being such as they were. The expense a man incurs in building a house, may be less or it may be greater than the value of the house. This is obvious. Value and expense, in such a case, are therefore not synonymous terms.

[1.] If Slade had shown that, for some reason, he could not prove what was the net expense to him of the building, &c. it doubtless would have been his right to bring forward evidence of any sort, from which an inference of the probable net expense might be made. He, however, had laid no foundation for the introduction of this, a sort of secondary evidence.

A party's books of account are admissible for him on the ground, alone, that there is no better evidence to which he can resort. If he has other means of proving the account, he cannot resort to his books. And he has other means of proving it, when there exists a witness by whom he can prove it.

In the present case, every item in the account—an account consisting of a number of items, amounting, in all, to over $800, except two or three of small amount, is such as shows, of itself, that some witness exists by whom it can be proved, if true.

The plaintiff in error offered nothing as an excuse for having failed to call such witness; he did not offer to show the death of such witness, or his removal beyond the limits of the State, or to show the existence of any other obstacle that would prevent a resort to such witness.

And then the account, itself, was made out ledger-wise, and it may, perhaps, have had upon its face other marks of suspicion.

The Court below would not receive the book in evidence, but the reason why the Court would not, does not appear.

Upon the whole, we cannot say that we think that the Court erred in excluding this book of account.