## BERRY & MEHAN vs. WINTER.

An answer that admits enough of the bill to entitle the complainant to the decree he prays for, is sufficient, whether it answers all of the bill or not.

In Equity, in Muscogee Superior Court. Decision by Judge WORRILL, at May Term, 1859.

The points adjudicated will be fully understood by the following opinion pronounced by the Court.

MOSES, represented by JOHNSON & SLOAN, for plaintiffs in error.

DOUGHERTY, contra.

By the Court.—BENNING, J., delivering the opinion.

A number of exceptions were filed to the answer of John G. Winter. The judgment of the court below, as to these exceptions, was, that they were all good, except two. To that judgment Winter excepted, and the question is, was the judgment right?

Berry & Mehan, the complainants in the bill, were creditors of the Bank of St. Marys. The object of their bill was to get satisfaction of their debts out of the defendants. The prayer of the bill was, that defendants might "be decreed, jointly and severally, to pay to the complainants the amount of their debt against said bank."

Now, if the answer of John G. Winter admitted enough to entitle the complainants to this decree, as against him, it was sufficient, whether it contained a response to every allegation in the bill or not. The only reason why any allegation in a bill is to be answered is, that the com-

plainant may obtain evidence on which he will be entitled to a decree for the relief for which he prays. When, therefore, enough of the allegations are admitted by the answer, to furnish the complainant with sufficient evidence, to entitle him to the decree he prays for, the other allegations become immaterial, and immaterial allegations need not be answered.

The question then becomes this: does the answer of John G. Winter admit enough to entitle the complainants to the decree against him, which they pray for? And we think that it does. It admits that the bank suspended specie payments in April, 1852, and that it has never resumed them since; it admits that the complainants are creditors of the bank; it admits that J. S. Winter & Co., and John G. Winter, are each largely indebted to the bank—are each indebted to the bank in an amount much greater than that in which the bank is indebted to the complainants; indeed, the answer says, that John G. Winter offered, long ago, to give the complainants his own note for their debt on the bank. What more do the complainants need, than is here admitted? Nothing; for here is enough admitted to authorize them to demand a decree against Winter for the amount of their debt against the bank—the decree for which they pray.

We think, then, that the answer was sufficient; that as enough of the bill was admitted by the answer to entitle the complainants to the relief they prayed for, it was a matter of no consequence whether the rest of the bill was or was not answered.

Judgment affirmed.

Judge STEPHENS did not preside in this case, owing to indisposition.