CHRISTOPHER C. TURBAVILLE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

58    545
102   508

58    545
130   354

1. The separation of witnesses is required when "practicable and convenient," and is within the discretion of the presiding judge. This court will not interfere unless it be abused, and it is not abused when the judge keeps the sheriff and deputy in court, and refuses to let the defendant retain a witness to help him manage his case, the evidence of the sheriff and deputy being comparatively immaterial, and the defendant knowing as much about the case as the witness he wished retained.
2. A new trial will not be granted because irrelevant testimony, not hurtful to defendant, was admitted, nor because the court refused to reopen the case after it had been closed, to admit evidence which would not probably have affected the verdict.
3. A verdict of guilty of "involuntary manslaughter without due caution and circumspection," is so uncertain as to authorize the judge not to receive it, and to send the jury back; and when they return with a verdict of voluntary manslaughter, which is fully supported by the evidence, the presiding judge was right to receive it, and no error was committed—the judge having intimated no opinion to the jury as to what sort of verdict they should find.

Criminal Law. Witness. Practice in the Superior Court. Evidence. New Trial. Verdict. Before Judge UNDER-WOOD. Polk Superior Court. August Term, 1876.

Reported in the opinion.

C. G. JONES; W. M. SPARKS; BLANCE & KING, by E. N. BROYLES, for plaintiff in error.

C. T. CLEMENTS, solicitor general; WRIGHT & FEATHER-STON; IVY F. THOMPSON, for the state.

JACKSON, Judge.

The defendant was found guilty of voluntary manslaughter, and the evidence justified the verdict. A new trial was moved for on the ground of certain alleged errors on the trial, it was refused, and this judgment, overruling the motion for a new trial, is assigned as error.

The first ground is that only the foreman's name appears in the transcript of the record here in respect to the verdict of the jury, but it was not insisted upon, and need not be considered.

The second ground was the refusal of the court to order the sheriff and deputy, who were witnesses for the state, to leave the court room on the separation of the witnesses, and the refusal to allow one witness to remain to assist the prisoner. We think that this is matter for the discretion of the court below, and no proof being adduced of injury to the defendant from the exercise of that discretion in this case, but good reason appearing for the course the judge pursued, we shall not interfere. Code, §3863.

As to the next ground, that the court should have admitted proof that deceased said that prisoner saved himself from a d—d good whipping by shooting him, and should have re-opened the case after it was closed, for that purpose, we see no such error as would require us to grant a new trial. It would not have affected the verdict if admitted, and it was very much in the discretion of the court to open or not open the case again, dependent upon the weight and character of the evidence. So about the admissibility of some irrelevant testimony.

The real point in the case, and the only point seriously urged here, is that when the jury returned a verdict of "guilty of involuntary manslaughter without due caution and circumspection," the judge refused to receive it, but

sent them back, and charged them the law as to the two kinds of involuntary manslaughter; whereupon the jury returned a verdict of guilty of voluntary manslaughter.

It will be seen that the important words "in the commission of a lawful act," were left out of the verdict, and that the court merely instructed the jury as to the kinds of involuntary manslaughter; one in the commission of an unlawful act, and the other a *lawful act* without due caution and circumspection. The distinction is mainly in the legality, or illegality, of the act which resulted in the homicide, and the jury had not found that important fact, whether it was the one or the other. We cannot discover any error in sending them back to make a legal verdict. 38 *Ga.*, 117; 20 *Ga.*, 368; 28 *Ga.*, 602. It is not pretended that the judge even intimated that they should not find involuntary manslaughter. The jury, however, when they went back, saw that the facts made neither grade of involuntary manslaughter, but voluntary manslaughter, and so found. We think that their "second sober thought" was right, and we decline to interfere with it.

Judgment affirmed.