### BLANCHARD v. JOHNSON.

HILL, J.  1. "Books of account of others than those doing a regular business and keeping daily entries thereof, who are not merchants, shopkeepers, physicians, or blacksmiths, are not admissible in evidence to prove an account." *Bass* v. *Gobert*, 113 *Ga.* 262 (38 S. E. 834).

2. Where a woman, not as administratrix but as an individual, brought an action of trover to recover certain mules which she claimed belonged to her husband at the time of his death, this alone was not sufficient to render the defendant incompetent to testify that the deceased husband bought the mules for him and that he paid the husband for them.  By the Civil Code (1910), § 5859, it is declared that no other exceptions to the competency of witnesses shall be allowed except as stated in the preceding section.  A mere general statement in a ground of the motion for a new trial, which complained of the admission of the evidence above stated, that objection was made on the ground that the witness was testifying to a transaction which he had with the decedent, "it being also admitted that, if the title to the mules in the suit was in said Reville [the husband] at the time of his death, it would now be in the plaintiff," was not sufficient to show that the plaintiff claimed title as administratrix or legal representative of the decedent, or to show facts which would bring her within the ruling in *Willis* v. *Bonner*, 136 *Ga.* 720 (71 S. E. 1048).  Such an admission did not exclude the possibility that the plaintiff claimed as a legatee or by virtue of a sale under some process after the death of the husband, nor did it affirmatively show that she was acting as his legal representative.

3. The evidence demanded the verdict, and there was no error in refusing to grant a new trial.      *Judgment affirmed.    All the Justices concur.*
                    SEPTEMBER 22, 1914.

Trover.    Before Judge Hammond.    McDuffie superior court. July 24, 1913.

*J. B. Burnside* and *L. D. McGregor,* for plaintiff. :

*John T. West* and *P. B. Johnson,* for defendant.