### CONE *v.* EUBANKS.

GILBERT, J. 1. Where a judgment was attacked on the ground that the defendant was a non-resident of the State at the date of suit, and that the only return of service was by leaving a copy "at his most notorious place of abode" in the county where the suit was brought, and that the judge rendering the judgment was not legally qualified to do so, affidavit of illegality would lie. *Planters Bank* v. *Berry,* 91 *Ga.* 264 (18 S. E. 137); *McKnight* v. *Wilson,* 158 *Ga.* 160 (3) (122 S. E. 702); *Bedingfield* v. *First National Bank,* 4 *Ga. App.* 197 (61 S. E. 30). In these circumstances the petitioner had an adequate remedy at law, and for that reason the court did not err in refusing equitable interference. *Williams* v. *Hinson,* 143 *Ga.* 740 (85 S. E. 868); *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805).

2. In the present case the defendant in the city court of Decatur (the plaintiff in error) filed an affidavit of illegality based upon the ground that the judgment against him was void, because at the time the suit was filed and at the time the judgment was rendered he was a non-resident of the State, and because the judge who presided at the trial was without jurisdiction, "nothing appearing in said judgment that the legal judge of said court was disqualified, absent, or unable for any cause to preside, . . . said judgment being signed by a judge who is a non-resident of said county and in no wise qualified." No question is now raised which was not raised by the affidavit of illegality and adjudicated on that trial. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code (1910), § 4336.

*Judgment affirmed. All the Justices concur.*

No. 6725. NOVEMBER 17, 1928.

*Peek, Randolph & Wimberly* and *Morris Macks,* for plaintiff.
*Augustine Sams,* for defendant.