## SANDERS *v.* J. AUSTIN DILLON COMPANY.

No. 10863. November 14, 1935.

*Eugene Spradlin, Joe Hill Smith,* and *J. E. Kelley,* for plaintiff.
*O. L. Hathcock* and *E. A. Wright,* for defendant.

RUSSELL, Chief Justice. Sanders filed a petition against J. Austin Dillon Company, praying that a judgment of the municipal court of Atlanta against petitioner in favor of the defendant be set aside. The court dismissed the petition on motion in the nature of a general demurrer, and the plaintiff excepted. It is alleged in the petition: On May 12, 1933, Sanders was adjudged a voluntary bankrupt, and in his schedules J. Austin Dillon Company was listed as a creditor. On June 28, 1933, J. Austin Dillon Company brought suit in the municipal court of Atlanta against Sanders on the debt heretofore mentioned as listed in bankruptcy. On August 4, 1933, petitioner filed a plea of bankruptcy, and on September 20, 1933, an order was entered, staying further proceedings for a period of twelve months from the date of Sanders' adjudication as a bankrupt. When this order was taken, the attorney for J. Austin Dillon Company stated to the attorney for Sanders, "I think I will dismiss this suit and bring it over in the superior court, so that I can subject the land." Sanders' attorney relied on that statement; and due to this reliance and to ill health which caused him to close his office, no final order staying proceedings in the cause was ever taken. On June 20, 1934, Sanders was granted a discharge in bankruptcy. On December 4, 1934, on motion of J. Austin Dillon Company, a judgment was entered against Sanders in the municipal court; but when said judgment was taken, no order was entered dismissing his plea and stay in bankruptcy. As soon as he learned that the judgment had been rendered against him, he filed his motion in the municipal court to vacate the judgment, which motion was denied on the ground that the municipal court had no jurisdiction in the matter. "Petitioner shows that the taking of said judgment as aforesaid perpetrates a fraud on petitioner; but petitioner does not charge any intention on the part of J. Austin Dillon Company or its attorney to defraud him, but petitioner shows that all the facts and circumstances as above set out in petition herein . . result in an injustice to this petitioner, and have brought about a situation that is inequitable and unjust to this petitioner, for he shows that the

debt on which said judgment is founded was and is a dischargeable debt in bankruptcy."

1. "The discharge of a bankrupt prevents the enforcement of a debt against him, covered by such discharge; but if he fails to plead it in an action on the debt, he is bound by the judgment rendered against him." *Cohen* v. *Meador,* 137 *Ga.* 551, 554 (73 S. E. 749), and cit. Judgment was rendered in the municipal court of Atlanta, as follows: "The foregoing case coming on regularly to be heard; and after evidence being submitted, it is considered, ordered, and adjudged that the plaintiff do have and recover of the defendant herein, J. T. Sanders, the principal sum of $165, and $21.15 interest, together with $ cost of this proceeding." In view of the principle stated above, the court did not err in dismissing the equitable petition seeking to set aside the foregoing judgment, on motion to dismiss in the nature of a general demurrer. The allegations of the petition are not only insufficient to attribute the rendition of the judgment complained of to fraud, accident, or mistake, but on the contrary, while it is stated in the petition "that the taking of such judgment as aforesaid perpetrates a fraud on petitioner," this general allegation of fraud is followed by an express disclaimer in these words: "but petitioner does not charge any intention on the part of J. Austin Dillon Company or its attorney to defraud him, but petitioner shows that all the facts and circumstances as above set out in petition herein . . result in an injustice to this petitioner, and have brought about a situation that is inequitable and unjust," for the debt is one dischargeable in bankruptcy. The plaintiff's allegation, as qualified, does not set forth either actual or constructive fraud.

*Judgment affirmed. All the Justices concur.*