BUSSELL *et al. v.* GLENN, ordinary.

No. 14825.   JUNE 9, 1944.

*Henry B. Sutton* and *R. D. Smith,* for plaintiffs in error.

*McDonald & McDonald,* contra.

JENKINS, Presiding Justice. 1. "'Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance,' is 'fraudulent in law against creditors and others, and as to them null and void.' Code, § 28-201, and subsection 3." *Glenn* v. *Tankersley,* 187 *Ga.* 129 (3) (supra).

2. Under the positive and undisputed evidence, lacking in the first trial of the claim case, but supplied in the second trial of the claim and supporting equitable intervention (see *Glenn* v. *Tankers-*

*ley,* 187 *Ga.* 129 (4) supra), the deed by the defendant in fi. fa. to his three daughters was without consideration other than natural love and affection, and therefore was a voluntary conveyance. This ruling is not affected by the fact that this property came to Bussell "from his wife's father," and that Bussell and his wife "had long planned to convey [said property] to the three daughters who are claimants." While it is true that, under appropriate facts properly pleaded and praying for such relief, a resulting trust may be declared (see *McKinney* v. *Burns,* 31 *Ga.* 295; *Houston* v. *Farley,* 146 *Ga.* 822, 92 S. E. 635; *Grant* v. *Hart,* 192 *Ga.* 153 (2), 14 S. E. 2d, 860); no such facts or contention are involved in this case. So far as the evidence shows, title to the property was vested unconditionally in Bussell without any obligation or agreement to convey it to his daughters.

3. The evidence is undisputed that the grantor's obligation under the bond subsisted at the time the voluntary conveyance was made. Whether or not the obligation could be taken as having attached upon the signing, delivery, and acceptance of the bond (see Stearns on Suretyship, 4th ed., §§ 129, 130; 11 C. J. S. 428, § 51), it is not disputed that the default of the guardian occurred before the conveyance, and the liability for such breach must have thereupon attached. The fact that liability for *interest* on the obligation does not begin to run until a demand on the principal and his sureties and a request to pay has been shown (see *Frink* v. *Southern Express Co.,* 82 *Ga.* 33 (5), 8 S. E. 862, 3 L. R. A. 482), does not operate to change the rule as to when liability on the default arose.

4. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Accordingly, the auditor did not err in sustaining the demurrer to the intervention, in so far as it again sought to set aside the judgment in the illegality case, which set up a discharge in bankruptcy of the obligation on the guardian's bond. The same is true as to the additional defense again sought to be pleaded, setting up a satisfaction of the obligation represented by the judgment, on account of the transfer of property by the defaulting guardian to the

present guardian. See *Cone* v. *Eubanks,* 167 *Ga.* 384 (2) (145 S. E. 652) ; *Simmons* v. *Williams Realty & Loan Co.,* 185 *Ga.* 154 (2), 159 (194 S. E. 356). The ruling applies with equal force to the new ground of defense set up by the intervention, that the acceptance of the transferred property by the new guardian legally operated as a discharge of the surety and therefore, an extinguishment of the liability on the judgment which had then already been obtained. These additional facts, even if they could be taken as a meritorious defense, were necessarily known to the defendant in fi. fa. when he pleaded in the affidavit of illegality the fact of such payment. Moreover, the evidence wholly fails to sustain the contention that the new guardian accepted the transfer by the old guardian as in full extinguishment of his obligation, and we are unable to see how the acceptance of a payment by the new guardian could have increased the risk of the surety on the bond of the old guardian, whose liability had already been reduced to judgment. See *Lumsden* v. *Leonard,* 55 *Ga.* 374; *Higdon* v. *Bell,* 25 *Ga. App.* 54 (102 S. E. 546) ; *Stewart* v. *Barrow,* 55 *Ga.* 664.

(*a*) The attempt to set aside the judgment, because of the allegation that on the hearing of the illegality a "misstatement" of counsel for the plaintiff in fi. fa. was made as to how long before bankruptcy the judgment had been rendered, is wholly without merit. The record shows that the defendant in fi. fa. was present and litigated his affidavit of illegality. The facts involved were necessarily within the knowledge of the defendant in fi. fa., and then was the time to challenge such an alleged misrepresentation, and if not allowed to do so, to file exceptions in that proceeding. This he failed to do. See *Felker* v. *Johnson,* 189 *Ga.* 797 (6), (7 S. E. 2d, 668) ; *Sanders* v. *J. Austin Dillon Co.,* 181 *Ga.* 420 (182 S. E. 586).

(*b*) That the auditor failed to make a finding sustaining the plea of res adjudicata, is not such an omission as to militate against the rights of the defendants. His findings were in accordance with law, and will not be set aside because an additional judgment adverse to the plaintiffs in error was not entered. If they desired and were entitled to a specific ruling on the plea, their remedy was to ask that the case be recommitted. "Exceptions should go to what the auditor reported, not to what he did not report. . . If, indeed, the auditor's report was not full enough, the defendant should

have prayed the court for an order recommitting the report, so that the alleged omissions could have been supplied in the regular and legal manner." *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (3), 835 (51 S. E. 666).

5. "Exceptions as to any matter not appearing on the face of the record or brief of evidence, or in the report itself, shall be certified to be true by the auditor within 40 days after the report is filed; and if the auditor determines that such exception is not true, or does not contain all of the necessary facts, he shall return the same within 10 days to the party or his attorney with his objections in writing. If these objections, within 10 days, are met and removed, he may then certify the same, specifying the cause of delay." Code, § 10-302. The exceptions in this case were not verified in any way by the auditor.

(a) "Exceptions to an auditor's report claiming error in rulings on the admission of evidence cannot be considered if it does not appear on the face of the record or brief of evidence or in the report itself what the evidence was. . . Recitals in exceptions not certified by the auditor to be true are insufficient." *Eatonton Oil Co.* v. *Greene County,* 53 *Ga. App.* 145 (5) (185 S. E. 296). Exceptions to the rulings of the auditor on the admissibility of testimony cannot be considered because his report does not show the objections urged to the testimony nor what the testimony was. See *Fuqua* v. *Hadden,* 192 *Ga.* 654 (16 S. E. 2d, 728). The page references in the exceptions do not correspond with the pages in the record here, and it is impossible for this court to pass on objections to testimony in a transcript not before us. However, it may be said that so far as the court has been able to find in the record the matters apparently referred to, no error has been found in the auditor's rulings.        *Judgment affirmed. All the Justices concur.*