848.   EARLY COUNTY *v.* FIELDER & ALLEN COMPANY.

HILL, C. J.   1. While, by the Political Code, § 343, all contracts made with county authorities on behalf of a county must be in writing and entered on the minutes (*Milburn* v. *Glynn County,* 109 *Ga.* 473; *Holliday* v. *Jackson County,* 121 *Ga.* 310), yet where a suit is brought against a county on an alleged written contract, attached to the petition as an exhibit, and the defendant files no demurrer, but in its answer, though categorically denying each allegation of the petition, admits that "it [the county] entered into a contract with the plaintiff," substantially of the nature indicated in the petition, for the purchase of certain furniture, and that the furniture was delivered, but alleges that there was a breach of warranty, in that the furniture was not of the grade contracted for, and on the trial no point is made as to the plaintiff's failure to prove that the contract was entered on the minutes, the defendant will not be allowed, after verdict against it, to raise for the first time, on motion for a new trial, the point that the plaintiff did not prove that the contract was entered on the minutes of the county commissioners.   *Bedingfield* v. *Bates,* 2 *Ga. App.* 107.

2. The admission of a party that he made "a contract" will, in the absence of explanation, limitation, or exception, be construed to mean that he made a valid, binding contract, executed with the formality required by law.   *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 661, 663.

3. None of the other exceptions are meritorious.
                        *Judgment affirmed.   Russell, J., dissents.*

Complaint, from city court of Blakely—Judge Jordan.   October 22, 1907.

Submitted January 22,—Decided April 22, 1908.

*R. H. Sheffield,* for plaintiff in error.

*Pottle & Glessner,* contra.