## BARRETT *v*. CITY OF ATLANTA.

1. A municipal corporation has no authority to contract or incur any liability that is not authorized by its charter or some general law of the State, and a contract beyond the scope of its corporate powers is ultra vires and void.
2. The City of Atlanta has no power, under its charter or the general laws of the State, to offer or pay a reward for information leading to the arrest of one charged with the murder of an inhabitant of such municipality. A general-welfare provision in its charter, conferring authority to adopt all by-laws and ordinances "for the prevention and punishment of disorderly conduct, and conduct ·liable to disturb the peace and ·tranquility of any citizen or citizens thereof, and every other by-law, regulation, and ordinance that may seem to them proper for the security, for the peace, health, order, and good government of said city," does not confer such power.

Augusт 19, 1916.

Complaint. Before Judge Ellis. Fulton superior court. July 31, 1915.

*Lawton Nalley* and *Thomas E. Scott,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

Hill, J. Robert Barrett brought suit against the City of Atlanta to recover a reward which the mayor and council, by resolution, had offered for the apprehension of the person or persons guilty of the murder of one Mary Phagan on April 26th, 1913, in the City of Atlanta, alleging that certain evidence discovered by him and communicated to the officers of the law had led to the arrest and conviction of the guilty party. The defendant demurred generally and specially to the petition. The court sustained the general demurrer, on the ground that the City of Atlanta had no authority under its charter powers to offer and pay a reward for the apprehension of one for the offense of murder, that being a crime against the laws of the State; that the action of the city in passing the resolution was ultra vires, and could not be made the legal basis of a recovery by the plaintiff. To this judgment of the court, sustaining the general demurrer and dismissing the petition, the plaintiff excepted.

1. It is insisted by the plaintiff that the City of Atlanta, under its charter powers, had authority to adopt the resolution offering the reward claimed by him. The plaintiff contends that the provision in the charter of Atlanta that "The said Mayor and General Council shall have full power and authority to pass all by-laws

and ordinances respecting public buildings and grounds, work-houses," etc.; "for the prevention and punishment of disorderly conduct, and conduct liable to disturb the peace and tranquility of any citizen or citizens thereof, and every other by-law, regulation, and ordinance that may seem to them proper for the security, for the peace, health, order, and good government of said city," is a grant of power which authorizes the passage of the resolution in question. It is contended by the plaintiff that while it is true that murder is an offense against the State law, yet the commission of such a crime within a municipality tends "to disturb the peace and tranquility" of the community, and is such a matter as the municipality has a right to suppress; and that the City of Atlanta, acting through its mayor and general council, had the right to do what "may seem to them proper for the security," etc., of said city, and was in effect exercising legislative power which was within its authority. We can not agree to these contentions. The general rule is that municipal authorities can not offer rewards for offenders against the criminal laws of the State, unless such power is expressly conferred; and that a power to provide for the general welfare does not include such authority. 34 Cyc. 1734, and authorities cited: 1 McQuillin, Mun. Corp. § 391. In Murphy *v.* Jacksonville, 18 Fla. 318 (43 Am. R. 323), the plaintiff sued the City of Jacksonville to recover the amount of a reward offered by the mayor for the "arrest and conviction of the person or persons" who set fire to the store of and murdered one Jacob J. Syples. It was held that the municipality had no such authority. In the opinion of the court, delivered by Chief Justice Randall, it was said: "The crimes of murder and arson are punishable by the process and proceedings of the courts of the State, and not by the municipal courts. Taxes are levied by the legislative power of the State to pay for detecting and punishing crimes of that grade, and municipal governments are, of course, prohibited to levy taxes for such purposes. The city council can levy taxes, according to the exact terms of the constitution and statutes, for municipal purposes only." Chapter 2, Art. 2, Political Code, §§ 864 et seq., specify the limitations on the taxing power of municipalities. In section 865, providing for taxation for extraordinary expenses, they are defined to be "for education, for paving or macadamizing streets, and for payment of the principal and interest of the

public debt." By section 866 any officer of a municipal corporation is declared guilty of malpractice in office if he diverts any portion of any fund collected by taxation to any other ordinary or extraordinary expense than the one for which it was collected. Nothing in these statutes, the constitution of the State, or the charter of the City of Atlanta, so far as we are aware, authorizes the levying, collecting, or appropriating of any municipal tax for the purpose of paying rewards offered by the municipality for the apprehension of one who has committed a crime against the laws of the State. The Governor of the State may offer rewards for the detection or apprehension of the perpetrator of any felony committed within the State (Penal Code, § 902), but we know of no such general or special authority conferred on the City of Atlanta.

In the case of Baker v. Washington, 7 App. D. C. 134, where a reward was offered by the City of Washington for the arrest and conviction of the persons killing President Abraham Lincoln, it was held that the offer of reward was void and without authority of law. And see: Gale v. South Berwick, 51 Me. 174; Hanger v. Des Moines, 52 Iowa, 193 (2 N. W. 1105, 35 Am. R. 266); Patten v. Stephens, 77 Ky. (14 Bush) 324-326; Butler v. Milwaukee, 15 Wis. 493; Winchester v. Redmond, 93 Va. 711. There are a few authorities holding to the contrary of the cases above cited; but the great weight of authority is in accord with the view we take. In the present case there is no power in the charter of the City of Atlanta, or authority given it by any general law, which authorizes the offer of a reward for the apprehension of an offender against the criminal laws of the State; and the court did right in sustaining the general demurrer to the petition. .

*Judgment affirmed. All the Justices concur.*