## 14655. WATKINS COMPANY *v.* HARRISON *et al.*

BELL, J.  1.  A special demurrer interposed to the petition, on the ground that the demurrants were guarantors and not sureties, and were therefore not suable with the principal defendant, was overruled, and no exception having been brought to that ruling, it stands as an adjudication—the law of the case — that the demurrants are sureties, regardless of the true character of their obligation, under the general law.

2.  Other grounds of demurrer were likewise overruled, without exception, while a demurrer that the petition does not set forth a cause of action, and that the contract sued on does not indicate with reasonable certainty the amount for which the demurrants agreed to become liable, and is "too uncertain to give a right of action against these defendants," was sustained, the petition was thereupon dismissed and the plaintiff excepted.  The only question for decision is whether the agreement was void for want of mutuality, or for uncertainty.  *Held:*

(*a*)  Where a contract, as in this case, provides that the seller will sell and deliver to the buyer any and all goods of the classes handled by the seller, at the usual and customary wholesale prices, in such reasonable quantities as the buyer may require for sale by him for the period of two years from the date of the contract, in a territory comprising a named county, except the incorporated municipalities therein, and where it further appears in the contract that the buyer is an itinerant salesman or peddler, who is expected to canvass the designated territory for the purpose of reselling the goods purchased of the seller; that the purchaser promises and agrees that as soon as practicable after the goods are received by him he will make "a thorough and personal canvass of said territory at least four times a year, at his own cost and expense, and to provide a good team and proper wagon and outfit therefor, and to sell said goods, or so much thereof as possible, and at all times during said term," and where, in pursuance of the contract, a certain quantity of goods are sold and delivered to the buyer and so accepted by him, the contract is sufficiently definite and certain to be enforceable in a subsequent action for the purchase price of the goods so delivered and accepted.  If not so at first, it is rendered so when the goods are sold, delivered, and accepted in pursuance of the agreement.

(*b*)  Sureties or guarantors for the buyer in such a contract, who do not repudiate or withdraw their agreement until after the goods have been sold and delivered and accepted by their principal, cannot then escape liability on the ground that the amount for which they agreed to become liable is so uncertain and indefinite as to preclude a right of action against them.

(c) That is certain which is capable of being made certain by the agreement. Measured by this rule, the contract was sufficiently definite. Cf. Civil Code (1910), § 4218. Moreover, the principle is here applicable that "although an offer to sell goods is so indefinite as to the quantity of the goods to be sold as not to be capable of enforcement, even after a general acceptance of the terms of the offer by the party to whom it is made, yet where the latter, after such an acceptance, actually orders a specified quantity of the goods, which order is accepted by the proposer, he is bound to furnish and the party ordering is bound to accept and pay for all of the goods so ordered." *McCaw Mfg. Co. v. Felder*, 115 *Ga.* 408 (3) (41 S. E. 664). Also, if the agreement was originally unilateral, not binding the "buyer" to purchase, mutuality was supplied when he did buy. "If parties agree that one will buy and the other sell articles of a certain character at stated prices, without specifying any number or amount of such articles, leaving the purchaser to give orders, the giving of an order or orders for certain things included in the offer to sell, before its withdrawal or termination, makes a contract as to the things so ordered, and the contract is no longer unilateral as to them." *Buick Motor Co. v. Thompson*, 138 *Ga.* 282 (2) (75 S. E. 354).

(d) The averments of the petition would show the principal defendant liable, and if the contract was sufficiently definite to be enforceable against him, it was likewise sufficient as against the other defendants who by their agreement became responsible for his debt, whether as guarantors or sureties. The court erred in sustaining the demurrer. In view of the allegations of the petition, the question does not arise on general demurrer as to whether the demurrants may show as a defense that the goods were furnished and sold to the principal defendant in unreasonable quantities.

　　　　　*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

　　　　　DECIDED NOVEMBER 27, 1923.

Complaint; from Lincoln superior court—Judge Shurley. April 24, 1923.

*C. J. Perryman,* for plantiffs.

*Burnside & McWhorter,* for defendants.