HALL COUNTY *v.* SMITH, for use, etc.

No. 9577. JANUARY 16, 1934.

*W. N. Oliver,* for plaintiff in error.

*Joseph G. Collins* and *E. C. Brannon,* contra.

BELL, J. C. T. Smith for the use of S. P. Bell brought a suit for the writ of mandamus against Hall County and named persons as commissioners thereof, to require the payment of a judgment in the sum of $250 theretofore recovered by the plaintiff against the county in an action for damages for diminution in the value of the plaintiff's land by alteration and relocation of a road passing through it. The defendants filed a general demurrer and an answer; after which the case was submitted to the judge for trial without a jury. The evidence consisted of an agreed statement of facts together with certain testimony. The trial resulted in a judgment in favor of the plaintiff, granting a mandamus absolute, and to that judgment Hall County excepted. Error was also assigned upon the overruling of the general demurrer.

The plaintiff tendered in evidence the pleadings and the judgment in the action for damages; also an agreement signed by counsel of record for the parties, referring the damage case to arbitrators, together with the return of the arbitrators therein. The agreement for arbitration, made without an order of court, contained the following stipulations:

"1. That plaintiff select one person to act as arbitrator, the defendant select one person to act as arbitrator, and the two arbitrators so selected shall select a third person to act as arbitrator, and the three shall act together as the board of arbitrators in said case.

2. That the arbitrators shall have the pleadings in said case, and shall visit and see the property and the roads which are the subject-matter of said suit. 3. That neither plaintiff nor defendant shall offer any testimony either in person or by other witnesses, and agree that said arbitrators shall make such award as they believe just after viewing the property and roads as aforesaid. 4. That a majority (2) of said arbitrators may make an award; and it is agreed that said award when so made shall be considered as the final and full award of arbitrators. 5. It is further agreed that the award of the arbitrators as aforesaid be final, and that it be made the judgment of the court in said case, and that the same be held and considered as a final judgment in said case." The return of the arbitrators recited, that, having been selected in accordance with the above agreement, and after "first seeing the property and roads which are the subject matter of this dispute," they found in favor of the plaintiff "damages to the amount of $250." It appears from the record that this award of the arbitrators was returned to the court in which the suit for damages was pending, and was duly made the judgment of that court. In the trial now under review each of the arbitrators testified that he performed the duties assigned to him under the submission without taking any oath as arbitrator.

It is contended by counsel for the plaintiff in error that the judgment granting the mandamus absolute was erroneous for the following reasons: (1) It does not appear that the agreement to submit to arbitration the issues in the suit for damages was ever entered upon the minutes of the proper authorities in charge of the county affairs of Hall County, in accordance with the Civil Code, § 386, and that for this reason the judgment in the suit for damages was invalid. (2) That the judgment based upon the return of the arbitrators was invalid, for the reasons that the submission was made without an order of court, that the arbitrators were not sworn as required by law, and that the award was made without the hearing of any evidence by the arbitrators. (3) That the judgment was not based upon such a liability that the county may lawfully levy a tax to pay it.

Under the rulings stated in the headnotes, which do not require elaboration, the court did not err in overruling the demurrer to the petition, nor in rendering judgment in favor of the plaintiff granting a mandamus absolute.

*Judgment affirmed. Russell, C. J., Beck, P. J., and Atkinson and Gilbert, JJ., concur.*