MILLER *et al. v.* CITY OF CORNELIA *et al.*

No. 12959.  SEPTEMBER 14, 1939.

676

J. B. G. *Logan* and R. C. *Scott,* for plaintiffs.

J. *Herbert Griggs* and *Sam Kimzey,* for defendants.·

Jenkins, Justice. ■ A municipal corporation is without authority, not only to contract or incur a liability, but to donate its money or property, unless authorized by its charter or some general law of the State. Such a power is not conferred by a general-welfare provision in the charter. *Barrett* v. *Atlanta,* 145 *Ga.* 678 (89 S. E. 781); *Tedder* v. *Walker,* 145 *Ga.* 768, 771 (89 S. E. 840); *City of Fitzgerald* v. *Witchard,* 130 *Ga.* 552, 554 (61 S. E. 227, 16 L. R. A. 519).

■ Under the act of 1926 (Ga. L. Ex. Sess. 1926, p. 40; Code, §§ 32-1201 to 32-1203, inclusive), a municipality operating a school system independently of that of the county may hold an

election to determine whether its citizens desire to become part of the county-school system. After a vote so favoring is made effective in the manner provided, the local system is repealed, and the school district including the former local territory "shall enjoy the same privileges and . . be governed by the same laws as other school districts in said county, including the authority to levy local taxes for school purposes: provided, that the rate for such taxation shall not exceed the rate allowed by law to other similar school districts." After a municipality has thus transferred a school to the county board of education, it has no legal power to donate other funds for the support of such a school.

■ In accordance with the preceding rulings, and the undisputed evidence at the hearing on the petition of taxpayers to enjoin payment of municipal funds for a city school, after it became part of the county system in 1937, it was error to refuse an injunction. While the brief of counsel for the city officials recognizes the illegality of any such payment, and states that no such future expenditures are contemplated, the evidence showed past ultra vires payments; and the pleadings and the evidence do not indicate that the defendants have disclaimed such a future purpose. On the other hand, two official resolutions of the city commissioners, which remained unrepealed, were introduced in evidence; and showed that the commissioners had unanimously resolved to pay the cost of coal and the salary of the janitor at the school for the school year 1938-1939; that $337.50 had been paid, and $87 50 remained unpaid on such salary; and that $335.85 had been paid for coal, and a $7.50 balance was still due. The city commissioner who testified at the hearing stated that these items were not only "for the benefit of the children" of the city, but for "all others attending the school." This evidence showing an unrevoked and unaltered purpose by the governing authorities to continue illegal payments as to the balances due, the mere fact that counsel in their brief in this court concede the illegality of any such payments, and disclaim any intention on the part of the governing authorities to comply with the terms of their unrevoked resolution, does not operate to nullify the same, or to legally show that the city did not intend to make any such future illegal expenditures in compliance with its expressed intention.

*Judgment reversed. All the Justices concur.*