38551.   GWINNETT COUNTY v. ARCHER *et al.*

814

Decided November 21, 1960—Rehearing denied
December 9, 1960.

*Edward S. White, Allen E. Lockerman, Dudley S. Hancock,* for plaintiff in error.

*John S. Wood, Merritt & Pruitt, J. Ray Merritt, A. J. Henderson,* contra.

FELTON, Chief Judge. ■ Accepting the facts alleged in the petition as being true, except in one instance where a contradiction appears, the petition sets forth a cause of action against all the defendants on the theory that the former commissioners paid an excessive fee to their attorney Roberts and delegated to him the authority to settle with and pay other attorneys for the county so as to enable Roberts to retain for himself an exhorbitant amount for the services rendered by him. There will be no attempt on the part of this court to construe the petition except in case of conflicting allegations. We take the unambiguous allegations as being true and as meaning exactly what they say. The petition alleges that the former commissioners paid Roberts $128,000 for *his* legal services with the understanding that he pay out of said sum the amounts the county then owed to Sumter Kelly and R. F. Duncan for their legal services. This means that the county through the then commissioners delegated to Roberts the authority to at least fix or settle the Duncan fees, pay Kelley the agreed fee of $30,000 and keep the balance for himself. This was an improper and illegal delegation of authority whether the $128,000 was paid to Roberts for *his* services or whether it was paid to him for the services of *all named attorneys* with the burden on Roberts to settle with one of the other attorneys.

The two arrangements mean the same thing and had the same effect. It was the duty of the commissioners as trustees of the fund in behalf of the county which was in turn trustee for the residents of the county and the bondholders to fix and agree separately on the fees of the attorneys whom they employed. They were without authority to delegate the final and carte blanche authority to Roberts to fix or settle the fee contracts with Duncan. It is alleged that the arrangement made with Roberts resulted in excessive fees being retained by Roberts and that an arrangement having such a consequence was an abuse of discretion on the part of the commissioners, that they are liable to the plaintiff and that Roberts is liable as a participant in the unauthorized arrangement. The petition is conflicting on the question whether the commissioners knew before paying Roberts what the amount of the Kelley fee would be but it seems to us that this conflict is immaterial insofar as the Duncan fee is concerned. If the other allegations are true, the conduct of the defendants was improper. Under the authority of *Malcom v. Webb*, 211 Ga. 449 (86 S. E. 2d 489) the commissioners were trustees of the funds involved and under *Burke v. Wheeler County*, 54 Ga. App. 81 (187 S. E. 246), the petition makes the issue whether the defendant commissioners manifestly abused their power and discretion to the oppression of the citizens of Gwinnett County. Under *Code* § 108-423 Roberts is liable if he knowingly aided in misapplying the assets. This is not a case where the defendants and the commissioners made a contract in good faith *in advance* of services rendered based on their honest judgment as to what the services would reasonably be worth. *Paulding County v. Scoggins*, 97 Ga. 253 (2) (23 S. E. 845).

■ This is not an action based on an illegal contract, but even if it were, the principle of law applying to individuals does not apply where the public is one of the parties. *Burke v. Wheeler County*, 54 Ga. App. 81, supra.

■ The county is the proper party plaintiff. We know of no law which makes the county commissioners individually the governing body of the county in cases of water systems financed by revenue bonds or certificates. Gwinnett County is not a

"governing authority" separate and apart from the county itself. Acts cited in *Code Ann.* § 87-802 (11) (b). The county owned the system. The fact that bonds were outstanding makes no difference and the commissioners were the trustees acting for and in behalf of all concerned in the name of the county.

■ The allegation in the petition in substance that there is no fixed standard by which the value of an attorney's services may be measured does not preclude the bringing of this action to recover on the facts alleged. In spite of the lack of such a standard, if the proof shows that unreasonable and excessive fees were paid to Roberts under the circumstances a recovery is in order if a jury finds the fact of excessiveness to exist to the extent of showing a breach of discretion and trust.

The court erred in sustaining the general demurrers of the defendants and in dismissing the action.

*Judgments reversed. Nichols and Bell, JJ., concur.*