## 70651. PATTERSON v. CITY COUNCIL OF SPARTA.
(334 SE2d 725)

DEEN, Presiding Judge.

T. M. Patterson, Sr., Mayor of Sparta, Georgia, filed suit against the City Council of Sparta and its individual members, seeking a declaratory judgment that the mayor has authority under the Charter of the City of Sparta to hire a secretary for his office. The trial court found that under the terms of the charter "that creation of the position was one to be done by proper ordinance and vote of the council" and dismissed the mayor's complaint. The mayor appeals, contending that the trial court incorrectly interpreted the charter so as to unduly restrict the mayor's ability to operate and oversee the office of mayor, and that the court further erred in leaving the issue of whether the contract to hold a referendum to decide if the mayor should have a secretary between the mayor and the city council was a valid and enforceable contract. *Held*:

Under Ga. L. 1968, p. 3555 et seq., the Charter of the City of Sparta provides in § 2.06 that any action of the council having regulatory or penal effect is required to be done by ordinance. The ordinance must be in written form when introduced. Under § 3.04 "the council by ordinance, may establish offices and positions [of] employ-

ment an[d] may abolish, combine or modify them by ordinance in accordance with such recommendations." Nowhere in the charter is the mayor given the authority to create or abolish positions of employment. He is responsible under § 3.02 for the "efficient and orderly administration of the city's affairs." We do not interpret this provision as authorizing him to hire employees. If the legislature had intended that he have the right to create positions of employment, it would have so stated. Only the city council has the authority under the charter to create such positions.

There was no binding contract between the mayor and the council concerning the holding of a referendum to determine whether or not the mayor needed a secretary. Municipal corporations may not legally make contracts which give away control or embarrass their legislative or governmental powers. *Horkan v. City of Moultrie*, 136 Ga. 561 (71 SE 785) (1911). See also *Brown v. City of East Point*, 246 Ga. 144 (268 SE2d 912) (1980); *Barr v. City Council of Augusta*, 206 Ga. 750 (58 SE2d 820) (1950); *Barrett v. City of Atlanta*, 145 Ga. 678 (89 SE 781) (1916).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*Albert H. Dallas, Jimmy D. Plunkett*, for appellant.
*James E. Peugh*, for appellee.