A92A0984. CENTURY HEALTH CARE, LTD. v. WILLIS.
(422 SE2d 65)

BEASLEY, Judge.

Appellant Century Health Care, Ltd. sued Willis Chiropractic Clinic, Inc. and appellee William Willis individually as guarantor, to recover damages for the alleged breach of an agreement for Century to provide consulting services for the clinic. Default judgment was en-

tered against the clinic. Appellee's motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6) was granted and final judgment was entered pursuant to OCGA § 9-11-54 (b). This appeal followed.[1] Although two enumerations of error are cited, they are comprised of a common issue.

"When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the . . . rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. [Cit.]' [Cits.]" *Tri-City Sanitation v. Action Sanitation Svc.*, 227 Ga. 489 (181 SE2d 377) (1971); OCGA § 9-11-12 (b) (6). See *Bourn v. Herring*, 225 Ga. 67, 70 (3) (166 SE2d 89) (1969); *Morgan v. Ga. Vitrified Brick &c.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990).

The trial court's ruling was predicated on a finding that a paragraph of the consulting agreement, which was incorporated in the complaint, "reserv[ed] performance to the sole discretion of the plaintiff making it unilateral and unenforceable at the instance of any other party." That paragraph provided: "*Services.* Consultant [Century] shall, during the term of this Agreement, consult Clinic in the operation of Clinic as a chiropractic clinic, including but not limited to, training of and assistance to employees of the Clinic in the operation thereof. Consultant shall perform such services as reasonably requested by the Clinic, or at such times as Consultant deems necessary and proper, in its sole discretion."

The disputed paragraph does not render the contact unenforceable for lack of mutuality. It provides for specific services to be rendered either as requested by the clinic *or* when consultant Century itself deemed it necessary and proper. " 'A contract will not be held unenforceable for indefiniteness because its performance is, as to particular details, left open to subsequent agreement of the parties. . . .' [Cit.]" *Knoxville Med. Investors v. Nat. Healthcorp*, 192 Ga. App. 460, 462-463 (3) (385 SE2d 110) (1989).

"Contracts in which the promise of one party to render performance is conditional on his own judgment and sensibilities have been almost universally upheld, being generally considered as requiring a performance which should be satisfactory to him in the exercise of an

---

[1] A previous order of the trial court dismissing the complaint was appealed to this court but was dismissed by order dated September 18, 1991, for failure to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b). *Century Health Care, Ltd. v. Willis* (Case No. A91A1826).

honest judgment, and in construing such contracts it is correct to take into consideration the nature of the subject matter of the contract, allowing a more subjective test where there are involved the services of a professional or specialist, who is better qualified to make such decisions." *Martell v. Atlanta Biltmore Hotel Corp.*, 114 Ga. App. 646, 648 (152 SE2d 579) (1966).

The complaint sufficiently alleges a contract and a breach. The trial court acknowledged, "if plaintiff had succeeded in establishing a valid and binding contract, the court would have found that its complaint stated a claim upon which relief could be granted, as against defendant Willis." As it does not appear that appellant could not recover under any conceivable state of facts which it could prove, the complaint was not subject to dismissal for failure to state a claim against appellee.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*James T. Perry*, for appellant.
*Michael P. Katz*, for appellee.