S98A0660. FAULK et al. v. TWIGGS COUNTY et al.
(504 SE2d 668)

CARLEY, Justice.

After performing road work for Twiggs County (County), Epps Brothers, Inc. (Epps) brought suit for payment. B. Rabun Faulk and several others (Intervenors) are County taxpayers who opposed paying Epps, and were allowed to intervene as defendants in the lawsuit. Subsequently, the County and Epps entered into settlement dis-

cussions, but Intervenors sought an interlocutory injunction against a settlement of the case. The trial court denied the interlocutory injunction, and Intervenors appeal.

The record shows that, at a unit-price rate of $1.50 per yard, the County retained Epps' paving services for those non-priority paving projects for which funding might be obtained in the future. See generally *Century Health Care v. Willis*, 205 Ga. App. 369 (422 SE2d 65) (1992); *Advance Security v. Superior Surgical Mfg. Co.*, 197 Ga. App. 769, 771 (1) (399 SE2d 488) (1990). Epps seeks payment from the County in accordance with this contract. Intervenors contend, however, that an injunction against a settlement of the suit should have been granted, because a failure to satisfy all applicable statutory requirements renders any agreement between Epps and the County illegal and unenforceable. See *Floyd v. Thomas*, 211 Ga. 656 (1, 2) (87 SE2d 846) (1955).

There is a statutory requirement that the County's contract with Epps result from the solicitation of public bids in advertisements appropriate to the proposed paving projects within the scope of the agreement. OCGA §§ 32-4-65; 36-10-3. A substantial compliance with this statutory requirement is sufficient. *Pilcher v. English*, 133 Ga. 496, 504 (66 SE 163) (1909) (construing OCGA § 36-10-3). A review of the record shows that the trial court was authorized to find that, in soliciting bids for the non-priority paving contract, the County substantially complied with the applicable statutory requirements regarding advertising.

The record further shows that the trial court was authorized to find that the County properly accepted Epps' bid of $ 1.50 per yard as the lowest that was submitted. OCGA §§ 32-4-68; 36-10-2. The County's acceptance of Epps' bid was entered on the minutes. OCGA §§ 32-4-61; 36-10-1. Thereafter, as County funds became available, Epps was called upon to pave the designated projects. Epps performed, and then submitted an invoice for its services at the agreed upon rate of $1.50 per yard. After verifying the claim, the County entered on the minutes the amount payable to Epps. OCGA §§ 32-4-61; 36-10-1.

No separate written contract complying with all applicable statutory requirements was negotiated for each of the individual paving projects. That is immaterial, however, because there was only one contract between the County and Epps, encompassing all of the separate off-priority paving projects which the County requested that Epps perform. See *Century Health Care v. Willis*, supra; *Advance Security v. Superior Surgical Mfg. Co.*, supra. Under that single contract, the specific amount that was to be paid for each separate project was not finally established until funding was obtained by the County and the work actually was performed by Epps. However, that

amount due to Epps was always to be calculated at an agreed rate of $1.50 per yard. See *J. R. Watkins Co. v. Harrison*, 31 Ga. App. 270, 271 (2) (c) (120 SE 432) (1923); *Mimms v. J. L. Betts Co.*, 9 Ga. App. 718, 719 (1) (72 SE 271) (1911). Such a contract for the performance of an indefinite amount of services is sufficient where the key for the determination of the sum to be paid or the service to be rendered is contained within the contract. *Wolf v. Arant*, 88 Ga. App. 568, 571 (77 SE2d 116) (1953). When the paving project contemplated by the County's promise of payment was completed by Epps, that promise became valid and binding on the County. See *Spindel v. Nat. Homes Corp.*, 110 Ga. App. 12, 15 (137 SE2d 724) (1964). Thus, once Epps provided its paving services, it had a contractual right to payment from the County in an amount calculated in accordance with the agreed rate of $1.50 per yard. After it verified Epps' invoice for a particular project, the County entered on the minutes the specific amount that it was contractually obligated to pay for that paving project. See *Malcom v. Fulton County*, 209 Ga. 392, 399 (8) (73 SE2d 173) (1952); *Weathers v. Easterling*, 153 Ga. 601 (113 SE 152) (1922).

Taxpayers have legal standing to seek to enjoin an ultra vires act of a governing body. *Newsome v. City of Union Point*, 249 Ga. 434, 437 (291 SE2d 712) (1982). However, for an act to be considered ultra vires, "it must be beyond the 'power or authority of the (local government) to perform under any circumstances.' [Cit.]" *City of Atlanta v. North By Northwest Civic Assn.*, 262 Ga. 531, 539 (7) (a) (422 SE2d 651) (1992). Thus, a mere procedural irregularity in entering into the contract will not render the agreement between the County and Epps ultra vires. *City of Atlanta v. North By Northwest Civic Assn.*, supra at 540 (7) (c). Here, the evidence shows no substantive illegality in the agreement itself. Because the evidence did not demand a finding that the contract was ultra vires, the trial court, in the exercise of its discretion, was authorized to deny the temporary injunction against the County's settlement of Epps' claim. Compare *Miller v. City of Cornelia*, 188 Ga. 674 (4 SE2d 568) (1939).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Waymon S. Harrell,* for appellants.

*Almand & Wiggins, O. Hale Almand, Jr., Stone & Baxter, Ward Stone, Jr., Lee T. Smith,* for appellees.