A99A1220. FORSYTH COUNTY et al. v. CHILDERS.
A99A1221. GOBER v. CHILDERS.
(525 SE2d 390)

MILLER, Judge.

Marie Childers was the juvenile intake officer for the Blue Ridge Judicial Circuit[1] until Judge Gober (the chief juvenile court judge) terminated her for violating departmental work rules. She challenged her dismissal and agreed to a hearing before the Forsyth County Civil Service Board, which upheld her termination. As authorized by the agreement, Childers petitioned for certiorari to the superior court, which reversed the Board's decision on the grounds that there was no evidence to justify the Board's findings. On appeal, the Board and Cherokee and Forsyth Counties enumerate as error (1) the Board's lack of authority to review Childers' termination and (2) the trial court's substitution of its judgment for that of the Board. Judge Gober reiterates the second enumeration of error and also claims the trial court erred in failing to determine whether Childers was a state or county employee.

Because the parties agreed to have the Board review the case and render a decision, the Board had the authority to review the termination. As the Board's decision was supported by some evidence, the trial court erred in reversing the decision. Therefore, we reverse the trial court's judgment and affirm the Board's decision to uphold Childers' termination.

1. Appellants claim that because Judge Gober (who they argue was a state employee) had the authority to fire Childers, she was not a county employee entitled to the protections, hearings, and due process guarantees of the Forsyth County Civil Service System. They argue, therefore, that the Board did not have the authority to review Childers' termination. Regardless of the merits of this argument, we hold that since the litigants contracted to allow the Board to resolve their dispute, the Board had the authority to do so. .

After Childers appealed her dismissal, she and the appellants disputed whether she fell under the Forsyth County Civil Service System. Following negotiations, all parties voluntarily agreed to have the Board hear the merits of the termination.[2] The agreement provided that after the hearing, the Board would serve as the factfinder and render a decision on the issues including (i) the proce-

---

[1] Until 1998, the Blue Ridge Judicial Circuit consisted of Cherokee and Forsyth Counties. See Ga. L. 1998, p. 220, § 1.

[2] The agreement was signed by Childers' counsel, Judge Gober's counsel, and counsel for the Forsyth County Civil Service Board and Cherokee and Forsyth Counties. Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client, and the agreement is enforceable against the client by other settling parties. *Clark v. Perino*, 235 Ga. App. 444, 448 (2) (509 SE2d 707) (1998).

dural and substantive matters of Childers' suspension without pay, and (ii) her discharge from employment. The parties specifically agreed that "this hearing shall satisfy all post-suspension and post-termination administrative due process to which Plaintiff may be entitled under local, state or federal law, and that the decision of the Board will be binding on the parties. . . ." They also agreed that the losing party could petition for certiorari for review by the superior court as authorized by law.

The first issue is whether the counties could agree to this contract. The Georgia Constitution states that "[e]ach county shall be a body corporate and politic with such governing authority and with such powers and limitations as are provided in this Constitution and as provided by law."[3] Also, local governments may contract only where they have the express or implied authority to do so.[4] Therefore, counties can exercise only powers conferred on them by law.[5]

The question here is not whether the counties had the power to add Childers to their civil service system; this was neither the intent nor the import of the agreement between the parties. Rather, the agreement merely chose the Board as the neutral tribunal to hear and resolve the dispute. The counties voluntarily chose to resolve their dispute with Childers by allowing the Board to serve as the factfinder. They further agreed that the only appeal would be by petition for certiorari to the superior court. The contract authorized the Board to hear the dispute. The question, therefore, is whether the counties had the power to agree to have the dispute heard before the Board. Because the evidence did not demand a finding that the agreement was ultra vires, the counties had the discretion to designate the Board as the neutral party to resolve the dispute.[6]

Moreover, Forsyth County created the Board specifically to conduct hearings and render decisions on employment matters.[7] The enabling statute authorized the county to designate when certain employees would become part of the system.[8] It is not ultra vires for the counties to designate the Board as the decision-maker in an employment matter involving a judicial clerk whose status under the civil service system was hotly contested.[9]

2. Appellants also argue that the trial court erred in reversing the Board's decision and substituting its discretionary judgment for

[3] Ga. Const. of 1983, Art. IX, Sec. I, Par. I.

[4] *Bagwell v. Cash*, 207 Ga. 222, 223 (3) (60 SE2d 628) (1950).

[5] *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 513 (2) (186 SE2d 732) (1972); see *McCray v. Cobb County*, 251 Ga. 24, 27 (2) (302 SE2d 563) (1983).

[6] See *Faulk v. Twiggs County*, 269 Ga. 809, 811 (504 SE2d 668) (1998).

[7] See OCGA § 36-1-21.

[8] OCGA § 36-1-21 (b).

[9] *Faulk*, supra, 269 Ga. at 811.

that of the Board. The parties agreed that Georgia law on writ petitions would control. The scope of review of a writ for certiorari to the superior court is "limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence."[10] *City of Atlanta Govt. v. Smith*[11] affirmed that the substantial evidence standard is the functional equivalent of the "any evidence" standard. On appeal to this Court, our duty is not to review whether any evidence in the record supported the trial court's decision, but whether the record supported the initial decision of the Board.[12]

Evidence showed that prior to her termination, Childers underwent surgery and allegedly returned to work. Shortly thereafter, she was terminated for (i) failing to report sick leave, (ii) failing to obey orders, (iii) poor work attitude, and (iv) insubordination. Following a hearing, the Board issued a decision upholding Childers' termination.

Evidence supported the Board's decision. Following Childers' surgery, she remained at home, performing the majority of her intake work telephonically. She conducted only two or three intake visits and allowed her co-worker to perform the rest of the intake tasks. She did not attend court to schedule juvenile work assignments, and when Judge Gober scheduled a meeting with Childers to discuss the situation, she did not attend the meeting and referred him to her attorney.

As there was some evidence to support the Board's decision, the trial court erred in reversing the decision. Therefore, we reverse the trial court's judgment and affirm the decision of the Board to uphold Childers' termination.

3. Because of our decisions in Divisions 1 and 2, Judge Gober's remaining enumeration of error is moot.

*Judgments reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 1999.

*Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Donald A. Cronin, Jr., Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Christopher D. Balch, Robert M. Mahler*, for appellants (case no. A99A1220).

---

[10] OCGA § 5-4-12 (b).
[11] 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997).
[12] *Hanrahan v. City of Atlanta*, 230 Ga. App. 67 (495 SE2d 324) (1997).

*Harry M. Moseley*, for appellant (case no. A99A1221).
*Ted B. Herbert*, for appellee.