A00A0775. TWIGGS COUNTY v. OCONEE ELECTRIC
MEMBERSHIP CORPORATION.
(536 SE2d 553)

POPE, Presiding Judge.

This appeal arose from Twiggs County's lawsuit to recover payments it made to the Oconee Electric Membership Corporation ("EMC") between 1993 and 1994. The superior court granted summary judgment to the EMC, and we affirm.

The facts relevant to this appeal are undisputed. In 1984 Twiggs County initiated plans to make various road improvements in the county. To facilitate the work, the county contacted the EMC to request the movement of utility lines affected by the improvement projects. Over several years, at the county's request, the EMC moved utility lines on several roads. After each utility line movement was complete, the EMC invoiced the county for the expense.

In 1993 Twiggs County, acting through its Board of Commissioners, voted to pay the entire expense incurred by the EMC moving the utility lines. This action was recorded in the county's minutes. Nevertheless, there was never a contract between the county and the EMC regarding the utility pole removal.

For one year the county paid the EMC monthly in the amount of $6,007.50; the county stopped paying when it had paid the entire sum in August 1994. In May 1997, the county decided its payments to the EMC had been improper, and it filed suit to recover the money it had paid the EMC.

In the complaint, the county alleged from September 1993 until August 1994 it paid the EMC $6,007.50 each month. The county claimed the EMC was not entitled to be paid public funds and that the alleged contracts on which the invoices were based violated state law. Specifically, it claimed the contracts were unenforceable and void because they were not in writing; they were not entered on the minutes of the county; they were more than four years old and barred by the statute of limitation; and they were for the moving of poles within the right-of-way for which no payment was due. Accordingly, the county requested a refund of the $72,089.95 it had paid.

The EMC answered, claiming it was entitled to keep the money.

The EMC then filed a motion for summary judgment, arguing the county's claim was barred by the voluntary payment doctrine. See generally OCGA § 13-1-13. The EMC argued that because the county made a voluntary payment on the invoices, the invalidity or unenforceability of the initial contracts was not relevant.[1] The county filed a cross-motion for summary judgment.

The superior court granted the EMC's motion, finding that the proper time for the county to have asserted its defenses was when the EMC submitted the invoices and the county's defenses to the underlying contract were moot after payment. For the same reasons, the court denied the county's cross-motion.

Here, the county appeals, arguing the court erred in granting summary judgment. Specifically, the county argues there was never any written contract between the parties as required by OCGA § 36-10-1; there was no written contract entered on the Board of Commissioners' minutes at the time the payments were made; that when the payments were made, the applicable statute of limitation had expired which extinguished any legal obligation of the county to pay; and that the payments therefore constituted an illegal gratuity prohibited by the State's Constitution.

1. The county argues the Board of Commissioners made payments without a written contract and that it may now recover the payments because this agreement was illegal, ultra vires, void and unenforceable. We disagree and find the county's argument lacks merit. The county approved and made the payments to the EMC; it could not after more than two years claim that its own actions were illegal because there was no written contract.[2] Compare *Ferguson v. Randolph County*, 211 Ga. 103 (84 SE2d 70) (1954) (petition by taxpayers against county alleging contracts were not in writing and were for various reasons illegal was sufficient).

OCGA § 36-10-1 provides: "[a]ll contracts entered into by the county governing authority with other persons on behalf of the county shall be in writing and entered on its minutes." See also OCGA § 32-4-61. And, the law is clearly established that in order to be enforceable, a contract with a county must be in writing. *Hatcher v. Hancock County Commrs &c.*, 239 Ga. 229 (236 SE2d 577) (1977); *PMS Constr. Co. v. DeKalb County*, 243 Ga. 870 (257 SE2d 285) (1979). Nevertheless, in certain narrowly defined circumstances in which judgment in a case has already been entered, our courts have found the provisions of OCGA § 36-10-1 could not be raised because

---

[1] The county also argued that it was entitled to compensation for the taking of its private property rights.

[2] We make no determination as to what the result would be had another party brought suit.

they were not timely asserted. See *Hall County v. Smith*, 178 Ga. 212 (4) (172 SE 645) (1934); *Early County v. Fielder & Allen Co.*, 4 Ga. App. 268 (1) (63 SE 353) (1908) (after judgment county was not allowed to raise argument that contract with it was not written). In *Malcom v. Fulton County*, 209 Ga. 392 (8) (73 SE2d 173) (1952), the Supreme Court stated: "[i]t seems very clear to us that county commissioners cannot make a contract [o]n behalf of the county, fail to record it in discharge of their official duty, and then rescind it because it is not recorded, as the commissioners in this case undertook to do." Id. at 400.

Similarly, in this case, the county may not now raise the argument that the provisions of OCGA § 36-10-1 were not followed when it paid the amounts and then waited more than two years to file suit to recover the monies paid. Compare *Burke v. Wheeler County*, 54 Ga. App. 81 (187 SE 246) (1936) (where public funds were illegally paid because the board of education exceeded its legal authority, it was proper for the county to bring a suit for recovery of money). Our decision comports with the doctrine of voluntary payments under OCGA § 13-1-13. In this regard, see *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400 (349 SE2d 368) (1986).

We emphasize this is not a case in which the EMC or another party seeks to enforce a contract for payment against the county based on an alleged contract with the county. In that context, these essential requirements of a valid contract with the county cannot be waived. See, e.g., *Graham v. Beacham*, 189 Ga. 304 (5 SE2d 775) (1939). In the context of such an action, the rule that an agreement must be in writing is absolute and applicable to every contract made with the county. See *Cherokee County v. Hause*, 229 Ga. App. 578 (494 SE2d 234) (1997).

We also note there is no allegation here that if the contract had been written, the county lacked authority to enter into this type of written contract. In other words, there is no claim the county exceeded its authority by entering into this contract, had it been written. Compare *Gwinnett County v. Archer*, 102 Ga. App. 813 (118 SE2d 97) (1960) (involving county's suit against former commissioners predicated on breach of trust). See OCGA § 32-4-63; see generally *Faulk v. Twiggs County*, 269 Ga. 809 (504 SE2d 668) (1998). Furthermore, there is no argument there was any fraud on the county's part or there were any facts which the county learned after paying the amounts which would impact its decision to pay. Accordingly, the superior court did not err in determining the summary judgment on the county's complaint was appropriate.

2. Similarly, the county may not now argue that the statute of limitation had expired on the EMC's claim to payment. Finally, there is no merit to the county's arguments the payments here constituted

a gratuity. *Smith v. Bd. of Commrs. &c. of Hall County*, 244 Ga. 133, 138 (2) (259 SE2d 74) (1979).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 27, 2000 —
RECONSIDERATION DENIED JULY 19, 2000

Almand & Wiggins, O. Hale Almand, Jr., Samuel G. Alderman III, for appellant.

Nelson, Gillis & Smith, James F. Nelson, Jr., Tisinger, Tisinger, Vance & Greer, Charles D. Mecklin, Jr., for appellee.