### A03A0886. HOWARD et al. v. BRANTLEY COUNTY.
(579 SE2d 758)

ELDRIDGE, Judge.

This appeal arises out of plaintiff-appellee Brantley County's ("county") suit to recover money had and received by defendants-appellants Southern Striping, Inc. and Neal Howard a/k/a Davis Neal Howard ("Southern Striping") for paint striping applied to Brantley County roads. Southern Striping appeals from the trial court's grant of summary judgment for Brantley County, arguing: (1) that a jury question remains as to whether road striping is a "specialized service" under OCGA § 32-4-63 (5), permitting it to negotiate for such service outside the competitive bidding process;[1] and (2) that the provisions of OCGA § 36-10-1, requiring that "[a]ll contracts entered into by the county . . . shall be in writing and entered on its minutes[,]" are here inapplicable under the voluntary payments doctrine, the county having paid the invoices and failed to timely assert the provisions of such Code section. Southern Striping's challenges to the grant of summary judgment as without merit, we affirm.

The facts relevant to this appeal are undisputed. In February 2000, Harry Riggins, the Chairman of the Brantley County Board of Commissioners, entered into a negotiation with Southern Striping for the purpose of obtaining road striping on certain county roads. Southern Striping undertook the project incrementally, invoicing the county six times in the period March 6, 2000, through June 15, 2000, upon the completion of each segment of the job. The county, in turn, paid Southern Striping in full as to each invoice, cumulatively a sum of $190,600. The activities invoiced to the county were not approved by the Board of Commissioners following a competitive bidding process. Neither were they presented to, approved, consented to, or

---

[1] OCGA § 32-4-64 pertinently provides that "[e]xcept as authorized by Code Section 32-4-63, all contracts shall be let by public bid."

voted upon at any meeting of the Board of Commissioners. Moreover, there was no written contract for the road striping done, and no "contract" for the same was approved by the county and entered on the minutes. Rather, Chairman Riggins negotiated for the work upon the agreement of fellow commissioners, Robert Moore and Charles Harris. Chairman Riggins and Commissioners Moore and Harris were then candidates for reelection. On December 29, 2000, upon motion of Commissioner Moore and seconded by Commissioner Harris, the Board of Commissioners by a 3-2 vote[2] amended its 2000 county budget, transferring $172,153.09 to the $20,000 line item in the budget which had been allocated for road striping — this to ensure payment upon the invoices which Southern Striping had submitted. The county filed the instant action for money had and received on May 17, 2001. *Held*:

1. Southern Striping contends that a jury question remains as to whether road striping is a specialized service under OCGA § 32-4-63 (5),[3] allowing the instant negotiation for its road striping services to proceed as an exception to the OCGA § 32-4-64 requirement that all county contracts be let by public bid. OCGA § 32-1-3 (6) expressly defines road striping as a form of road construction.[4] It follows that we are not at liberty to construe it otherwise, that is, as a special service within the meaning of OCGA § 32-4-63 (5). "Where a . . . statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citations and punctuation omitted.) *Simpson v. Southwire Co.*, 249 Ga. App. 406, 409 (1) (548 SE2d 660) (2001).

2. Neither did the superior court err in granting the county summary judgment upon the claim that OCGA § 36-10-1 is inapplicable for the county's payment of the invoices in issue and its failure to timely assert noncompliance with the provisions thereof in bar of payment.

In *Twiggs County v. Oconee Elec. Membership Corp.*, 245 Ga. App. 231 (536 SE2d 553) (2000), we held that a county may not raise the argument that the provisions of OCGA § 36-10-1 were not fol-

---

[2] Riggins, Moore, and Harris voted for the amendment. The remaining two commissioners voted against it.

[3] "A county is prohibited from negotiating a contract except a contract . . . [f]or engineering or other kinds of professional or *specialized services*." (Emphasis supplied.) OCGA § 32-4-63 (5).

[4] "Construction" means the planning, location, surveying, designing, supervising, inspecting, and actual building of a new road; or the paving, *striping, restriping*, modifying for safety purposes, grading, widening, relocation, reconstruction, or other major improvement of a substantial portion *of an existing public road* together with all activities incident to any of the foregoing.
(Emphasis supplied.) OCGA § 32-1-3 (6).

lowed "when it paid the amounts and then waited more than two years to . . . recover the monies paid." Id. at 233 (1). We did so upon the doctrine of voluntary payments, id.; see OCGA § 13-1-13; *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400 (349 SE2d 368) (1986), and as consistent with certain limited circumstances in which judgment has already been entered and our courts have declined to enforce the provisions of OCGA § 36-10-1 as not timely asserted. *Twiggs County v. Oconee Elec. Membership Corp.*, supra at 233-234; see *Hall County v. Smith*, 178 Ga. 212 (4) (172 SE 645) (1934); *Early County v. Fielder & Allen Co.*, 4 Ga. App. 268 (1) (63 SE 353) (1908) (post-judgment county not allowed to raise argument that contract with it was not written). However, in doing so, we emphasized that our decision did not extend to circumstances in which public funds were illegally paid in that the contract in issue, had it been written, was ultra vires as beyond the legal authority of the county to enter. *Twiggs County v. Oconee Elec. Membership Corp.*, supra at 233; *Burke v. Wheeler County*, 54 Ga. App. 81, 86 (187 SE 246) (1936); *Gwinnett County v. Archer*, 102 Ga. App. 813 (118 SE2d 97) (1960).

OCGA § 32-4-63 (1) bars counties from negotiating contracts in excess of $20,000, and contracts for road striping in amounts greater than $20,000 are not exempt from the competitive bidding process as a "specialized service." OCGA § 32-4-63 (5); Division 1, supra. Thus, the instant contract, even if written, was illegal as beyond Brantley County's authority. "Where public funds are illegally paid out by county officials or by some agency of the county, it is proper for the county to bring a suit for the recovery of the same. The matter of the disposition of the funds recovered by the county is of no concern of the plaintiff." *Burke v. Wheeler County*, supra.

> It is axiomatic that on motion for summary judgment, all reasonable inferences must be construed in favor of the non-movant and that summary judgment is warranted only when the record shows by plain, palpable, and undisputed evidence that a party is entitled to judgment as a matter of law.

(Citations omitted.) *Connell v. Guarantee Trust Life Ins. Co.*, 246 Ga. App. 467, 468-469 (1) (541 SE2d 403) (2000). So reviewed, the trial court did not err in granting summary judgment for the county.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 14, 2003.

*Houston & Golub, Phillip N. Golub*, for appellants.
*W. Vincent Settle III*, for appellee.